# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PAYNE,<br><br>　　　　Petitioner,<br><br>　v.<br><br>AUDREY KING, Executive Director of Coalinga State Hospital,<br><br>　　　　Respondent. | Case No. 1:14-cv-00538-LJO-BAM  HC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THE COURT CONVERT THE PETITION FOR HABEAS CORPUS BROUGHT UNDER 28 U.S.C. § 2241 TO A PETITION UNDER 28 U.S.C. § 2254 |

　　　　Petitioner proceeds *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Since May 9, 2013, he has been confined in the custody of the California Department of Mental Health pursuant to the Sexually Violent Predator Act (California Welfare and Institutional Code §§ 6600 *et seq.*) ("SVPA"). The petition sets forth multiple grounds for habeas relief. In her answer, Respondent contends that the petition is improperly brought under § 2241 and urges the Court to treat the petition as if it had been properly brought under 28 U.S.C. § 2254.

　　　　Respondent points out that the Court has previously recognized that Petitioner has filed under an incorrect statute. In its Order Requiring Respondent to File a Response to the Petition (Doc. 12), the Court referred to the petition as having been "purportedly filed pursuant to 28 U.S.C. § 2241," but neither explained its use of the term, "purportedly," nor addressed the propriety of the case's proceeding under § 2241. (Respondent contends that the Court intended to convert the petition to one governed by § 2254 since it cited the "Rules Governing Section 2254 Cases." Doc. 12. The

1

Court's reference is not dispositive since a court may also apply the Rules Governing Section 2254 Cases to habeas petitions other than those brought under § 2254. *See* Rules Governing Section 2254 Cases, Rule 1 (b).)

"Section 2241 provides a remedy for federal prisoners . . . (1) to challenge the execution of a sentence, and (2) to test the legality of a detention when § 2255 is otherwise inadequate." *See* Brian R. Means, *Federal Habeas Manual* § 1:29 at 36 (2014). The exclusive remedy of person in custody pursuant to a state court judgment is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *White v. Lambert*, 370 F.3d 1002, 1007 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010). Because Petitioner is confined pursuant to a state court judgment, the undersigned RECOMMENDS that the Court (1) convert the § 2241 petition to a § 2254 petition and (2) direct that the documentation filed in this case be construed according to the law governing petitions brought under § 2254.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 22, 2015**         /s/ *Barbara A. McAuliffe*
                               UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28